United States Bankruptcy Court
Eastern District of Pennsylvania

In re:                                                          Case No. 16-10202-elf
Frances Aponte                                                  Chapter 13
Leon J. Aponte
        Debtors

# CERTIFICATE OF NOTICE

District/off: 0313-2          User: dlv          Page 1 of 1          Date Rcvd: Dec 11, 2019
                             Form ID: pdf900     Total Noticed: 2

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Dec 13, 2019.
db/jdb        Frances Aponte,  Leon J. Aponte,  1828 W Ritner St,  Philadelphia, PA  19145-3720
cr           +Wells Fargo Bank, N.A.,  PO Box 10438,  Des Moines, IA 50306-0438

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                      TOTAL: 0

           ***** BYPASSED RECIPIENTS *****
NONE.                                                                      TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.


**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Dec 13, 2019                          Signature:   /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on December 11, 2019 at the address(es) listed below:
          ANDREW F GORNALL    on behalf of Creditor    M&T Bank agornall@kmllawgroup.com,
            bkgroup@kmllawgroup.com
          BRIAN CRAIG NICHOLAS    on behalf of Creditor    M&T Bank bnicholas@kmllawgroup.com,
            bkgroup@kmllawgroup.com
          REBECCA ANN SOLARZ    on behalf of Creditor    M&T Bank bkgroup@kmllawgroup.com
          REX J. ROLDAN    on behalf of Debtor Frances  Aponte Roldanlaw@comcast.net,  Roldanlawl@gmail.com
          REX J. ROLDAN    on behalf of Joint Debtor Leon J. Aponte Roldanlaw@comcast.net,
            Roldanlawl@gmail.com
          THOMAS I. PULEO    on behalf of Creditor    M&T Bank tpuleo@kmllawgroup.com,
            bkgroup@kmllawgroup.com
          TRANG V TRUONG    on behalf of Creditor    Wells Fargo Bank, N.A. trangtruong@wellsfargo.com
          United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
          WILLIAM C. MILLER, Esq.    ecfemails@phl3trustee.com,  philaecf@gmail.com
                                                                      TOTAL: 9

Stip does not directly affect confirmed plan

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Frances Aponte aka Frances LaMacchia<br>Leon J. Aponte<br>    Debtors | CHAPTER 13 |
| M&T Bank<br>    Movant<br>  vs. | NO. 16-10202 ELF |
| Frances Aponte aka Frances LaMacchia<br>Leon J. Aponte<br>    Debtors | 11 U.S.C. Section 362 |
| William C. Miller Esq.<br>    Trustee | |

### STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the mortgage held by the Movant on the Debtor's residence is **$1,031.00,** which breaks down as follows;

 Fees & Costs Relating to Motion: **$1,031.00**

2. The Debtor(s) shall cure said arrearages in the following manner;

  a). Beginning on December 1, 2019 and continuing through May 1, 2020, until the arrearages are cured, Debtor(s) shall pay the present regular monthly payment of **$1,269.67** on the mortgage (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month (with late charges being assessed after the 15th of the month), plus an installment payment of **$171.84 from December 2019 to April 2020 and $171.80 for May 2020** towards the arrearages on or before the last day of each month at the address below;

M&T BANK
ATTN: PAYMENT PROCESSING
P.O. BOX 1288
BUFFALO, NY 14240-1288

  b). Maintenance of current monthly mortgage payments to the Movant thereafter.

- 1 -

3.       Should debtor(s) provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account accordingly.

4.       In the event the payments under Section 2 above are not tendered pursuant to the terms of this stipulation, the Movant shall notify Debtor(s) and Debtor's attorney of the default in writing and the Debtors may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor(s) should fail to cure the default within fifteen (15) days, the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant relief from the automatic stay.

5.       The stay provided by Bankruptcy Rule 4001(a)(3) is waived.

6.       If the case is converted to Chapter 7, the Movant shall file a Certification of Default with the court and the court shall enter an order granting the Movant relief from the automatic stay.

7.       If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8.       The provisions of this stipulation do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

9.       The parties agree that a facsimile signature shall be considered an original signature.

Date:   November 19, 2019

Date: _10/2/2019_

Date: _12/4/19_

By: /s/ Rebecca A. Solarz, Esquire
Attorney for Movant

Rex Roldán, Esquire
Attorney for Debtors

William C. Miller, Esquire
Chapter 13 Trustee

NO OBJECTION
*without prejudice to any
trustee rights and remedies.

# O R D E R

Approved by the Court this ____10th____ day of _____December_____, 2019.  However, the court
retains discretion regarding entry of any further order.

Bankruptcy Judge
Eric L. Frank

- 3 -